UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERICH WEBB BAILEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO: 09-7776 |
| SUNTRUST BANK ET AL. | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant SunTrust Banks, Inc's Motion to Compel Arbitration and Stay Action (Doc. #26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment on Order Granting SunTrust Bank's Motion to Stay Proceedings and Compel Arbitration (Doc. #27) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff **ARBITRATE** his claims against SunTrust Bank and SunTrust Banks, Inc. in accordance with the arbitration agreement. All proceedings are **STAYED** until arbitration has been completed.

**IT IS FURTHER ORDERED** that the above captioned matter is **CLOSED** for administrative purposes.

## BACKGROUND

Plaintiff, Erich Webb Bailey ("Bailey), brought this action on behalf of himself and a potential class of similarly situated individuals against SunTrust Bank, SunTrust Banks, Inc., and others regarding the alleged improper assessment of overdraft fees to accounts, improper posting of deposits to accounts, and faulty account management software.

On August 4, 2001, Bailey opened a deposit account at SunTrust Bank, and executed a signature card acknowledging that he understood that the terms and conditions of SunTrust Bank's Rules and Regulations for Deposit Accounts ("Deposit Account Agreement") governed his account. The Deposit Account Agreement in effect when Bailey opened his account provided that "the rules and regulations may be changed from time to time," that "the revised information [would] be available at any office of SunTrust Bank," and that Bailey "[would] be required to abide by these changes in future transactions." The Deposit Account Agreement also provided that any dispute between Bailey and the Bank regarding the account that could not be resolved by "good faith" negotiation would be submitted to mediation.

In 2006, SunTrust Bank added an arbitration clause to the Deposit Account Agreement. The arbitration clause provided that any claim between the depositor and bank arising out of or relating to the account or the Deposit Account Agreement, including any claim regarding the applicability, interpretation, scope or validity of the arbitration cause and/or the Deposit Account Agreement

2

would be submitted to binding arbitration.[1] More specifically, the arbitration clause found in the current version of the Deposit Account Agreement states:

> Notwithstanding any other provision in these rules and regulations, if either Depositor or the Bank has any preexisting, past, present or future unresolvable dispute, controversy or claim between us . . . whether founded in contract, tort, statutory or common law, regulation or otherwise, concerning, arising out of or relating to the Account, any transaction with SunTrust or these rules and regulations, including any claim regarding the applicability, interpretation, scope or validity of this arbitration clause and/or these rules and regulations (a "Claim"), and upon the demand of either party, it will be resolved in individual (not class or class-wide) binding arbitration . . .

The 2006 version of the Deposit Account Agreement, and subsequent versions that contain the arbitration clause, have been available at any SunTrust Bank office and on SunTrust Bank's website, www.suntrust.com. Further, in July 2008, SunTrust Bank notified Bailey by mail that an updated version of the Deposit Account Agreement was available online.

On December 29, 2009, SunTrust Bank moved to stay this action and compel arbitration in accordance with the arbitration clause found in the current version of the Deposit Account Agreement. Bailey did not oppose the motion. On February 24, 2010, the court granted SunTrust Bank's unopposed motion, ordering Bailey to arbitrate his claims against SunTrust Bank in accordance with the arbitration agreement and staying the proceedings pending the arbitration.

---

[1] The arbitration clause is the same size and type font as the other provisions of the Deposit Account Agreement. It is found in a section titled "DISPUTE RESOLUTION" and is prefaced with an all-capital-letter sentence that states: "READ THIS PROVISION CAREFULLY AS IT WILL HAVE A SUBSTANTIAL IMPACT ON HOW LEGAL CLAIMS YOU AND WE HAVE AGAINST EACH OTHER ARE RESOLVED." The arbitration clause also states that neither the depositor nor the bank will have the right to participate in a class action in court or in arbitration.

On March 10, 2010, SunTrust Banks, Inc. moved to compel arbitration of Bailey's claims against it. SunTrust Banks, Inc. owns SunTrust Bank Holding Company, which owns SunTrust Bank. SunTrust Banks, Inc. contends that Bailey must arbitrate his claims against SunTrust Banks, Inc. because his claims against it are the same as his claims against SunTrust Bank and Bailey must rely on the terms of the Deposit Account Agreement in asserting his claims against SunTrust Banks, Inc.

Also, on March 10, 2010, Bailey filed a motion to alter or amend the court's February 24, 2010 ruling that ordered him to arbitrate his claims against SunTrust Bank. Bailey argues that he never signed a written arbitration agreement with SunTrust Bank or SunTrust Banks, Inc., and that the arbitration clause is a contract of adhesion. Plaintiff also argues that his claims are not arbitrable because they may be part of a multidistrict litigation.

**ANALYSIS**

**1.   Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also Rule 59(e). Because Bailey filed the instant motion on March 10, 2010, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

**2.      Compelling Arbitration with SunTrust Bank**

Bailey argues that the court made an error of law in ordering him to arbitrate his claims against SunTrust Bank.

The Federal Arbitration Act, 9 U.S.C. §1, *et seq.*, "embodies the national policy favoring arbitration." Buckeye Check Cashing, Inc. v. Cardegna, 126 S.Ct. 1204, 1207 (2006). In determining whether a dispute is referable to arbitration, the court must analyze whether an agreement to arbitrate exists and whether the claim at issue falls within the agreement:

> To ascertain whether the parties have agreed to arbitrate a particular claim, we must determine (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. In view of the policy favoring arbitration, we ordinarily resolve doubts concerning the scope of coverage of an arbitration clause in favor of arbitration. As a consequence, a valid agreement to arbitrate applies unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.

5

Personal Security & Safety Systems v. Motorola, Inc., 297 F.3d 388, 391 (5th Cir. 2002) (internal citations and quotations omitted). "[A]rbitration is a matter of contract and a party cannot be required to submit an to arbitration any dispute which he has not agreed to so submit." AT & T Techs., Inc. v. Commc'ns Workers of Am., 106 S.Ct. 1415, 1419 (1986). Unless the parties agreed otherwise, the court, not the arbitrator, must determine whether the parties agreed to arbitrate a particular claim. Id. When the parties dispute whether there is an arbitration agreement, the court must apply state-law principles of contract to determine whether an agreement was reached. Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 218 (5th Cir. 2003).

### A. Existence and Scope of the Arbitration Agreement

Plaintiff contends that he never signed an arbitration agreement with SunTrust Bank. However, plaintiff does not dispute that, when he opened his deposit account at SunTrust Bank, he signed a signature card that stated: "[i]t is agreed that all transactions between the Bank and the above signed shall be governed by the rules and regulations for this account and the above signed hereby acknowledge(s) receipt of such rules and regulations . . ."

Bailey's signature card is a written contract between him and SunTrust Bank. See Amico Centennial Ins. Agency, Inc. v. First Nat'l Bank of St. Bernard Parish, 543 So.2d 527, 528 (La. Ct. App. 1989). "As a general rule of contract law, separate documents may be incorporated into a contract by attachment or reference thereto." Russellville Steel Co., Inc. v. A & R Excavating, Inc., 624 So.2d 11, 13 (La. Ct. App. 1993) (citing Action Finance Corp. v. Nichols, 180 So.2d 81 (La. Ct. App. 1965)). Further, an arbitration clause may be incorporated by reference if the arbitration

6

clause has a "reasonably clear and ascertainable meaning." Id. (quoting Woodson Const. Co. v. R.L. Abshire Const., 459 So.2d 566, 569 (La. Ct. App.1984)).

It is undisputed that the signature card that Bailey signed specifically incorporated the Deposit Account Agreement by reference. It is also undisputed that the version of the Deposit Account Agreement that Bailey received when he opened his account, and the subsequent revisions thereto, provided that the deposit account would be governed by the Deposit Account Agreement, that SunTrust Bank can change the Deposit Account Agreement at any time without notice, that Bailey was required to abide by the changes in the Deposit Account Agreement, and that copies of the updated versions of the Deposit Account Agreement could be obtained at any SunTrust Bank office. Further, later versions of the Deposit Account Agreement state that revisions thereto would also be available at www.suntrust.com, and Bailey was informed in writing that he could obtain an updated Deposit Account Agreement at suntrust.com.[2] Moreover, the arbitration clause in the Deposit Account Agreement is clear. It is prefaced by an all-capital-letters sentence warning the depositor that it will have a substantial impact on legal claims between the parties, and it specifically states that all past, present, and future unresolvable claims, regardless of the legal basis, between the depositor and SunTrust Bank, concerning, arising out of, or relating to the account, any transaction with SunTrust Bank or the Deposit Account Agreement are subject to arbitration. Thus, there is a valid arbitration agreement.

---

[2] It makes no difference whether http://www.suntrust.com, www.suntrust.com, or suntrust.com is typed into the internet browser's address bar, because all variations lead to the same website.

Additionally, Bailey's claims against SunTrust Bank clearly fall within the scope of the arbitration agreement. Bailey alleges that SunTrust Bank improperly assessed overdraft fees to his account, improperly posted deposits to his account, and provided faulty account management software. These claims clearly arises out of Bailey's account and transactions with SunTrust Bank. Therefore, Bailey's claims against SunTrust Bank are subject to the arbitration agreement found in the Deposit Account Agreement.

**B.       Adhesionary Nature of the Arbitration Clause**

Bailey argues that he should not be bound by the arbitration clause because it is adhesionary. An adhesionary contract is a standard contract, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Bradstreet v. Kinchen, 10 So.3d 331 (La. Ct. App. 2009) (quoting Golz v. Children's Bureau of New Orleans, 326 So.2d 865, 869 (La. 1976)). "[T]he real issue in a contract of adhesion analysis is not the standard form of the contract, but rather whether a party truly consented to all the printed terms." Aguillard v. Auction Management Corp., 908 So.2d 1, 10 (La. 2005). "[I]f [the standard form contract] does not call into question the non-drafting party's consent and if it is not demonstrated that the non-drafting party did not consent or his consent is vitiated by error, the contract is not a contract of adhesion." Id. at 11. The party seeking to invalidate the contract as adhesionary bears the burden of demonstrating that the non-drafting party did not consent to the terms or his consent was vitiated by error. Id. at 10.

The arbitration clause in the Deposit Account Agreement is not ahesionary. It is prominently displayed in a section titled "DISPUTE RESOLUTION" and is in the same size and font type as the rest of the terms of the Depository Account Agreement. Also, it applies equally to both parties in

limiting their rights to litigate claims. Further, in executing the signature card, Bailey agreed to be bound by any future changes to the Depository Account Agreement, which includes the arbitration clause. He was able to obtain copies of the revised versions of the Depository Account Agreement over the years at any SunTrust Bank office or on the internet to monitor changes to his agreement with SunTrust Bank. At no time prior to filing his lawsuit did Bailey indicate to SunTrust Bank that he disagreed with the arbitration clause. Additionally, Bailey was not forced to abide by the arbitration clause because he was free to take his accounts to another bank. Therefore, Bailey's motion to alter or amend the court's February 24, 2010, order compelling arbitration is DENIED.[3]

**3.     Compelling Arbitration with SunTrust Banks, Inc.**

In Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524, 527 (5th Cir. 2000), the Untied States Court of Appeals for the Fifth Circuit held that a non-signatory to an arbitration agreement can use the agreement to compel arbitration: (1) when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against a non-signatory; or (2) when the signatory on the contract containing an arbitration clause raises allegations against a non-signatory that are substantially interdependent with allegations raised against a signatory.

Bailey's claims against SunTrust Banks, Inc. are interdependent with his claims against SunTrust Bank. SunTrust Banks, Inc. owns SunTrust Bank Holding Company, which owns

---

[3] Multidistrict litigation is a special federal procedure whereby civil actions involving one or more common issues of fact are transferred to one district and consolidated so as to expedite the process of handling complex cases. See 28 U.S.C. § 1407. Whether this case falls within the scope of a multidistrict litigation does not affect the analysis of whether there is a valid arbitration agreement between Bailey and SunTrust Bank.

9

SunTrust Bank. SunTrust Banks, Inc. does not maintain any deposit accounts. Bailey's allegations regarding his deposit account against SunTrust Bank and its parent company, SunTrust Banks, Inc., are exactly the same allegations. Therefore, SunTrust Banks, Inc. may invoke the arbitration clause found in Bailey's contract with SunTrust Bank and compel arbitration of Bailey's claims against it. Thus, SunTrust Banks, Inc.'s motion to compel arbitration and stay the action is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant SunTrust Banks, Inc's Motion to Compel Arbitration and Stay Action (Doc. #26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment on Order Granting SunTrust Bank's Motion to Stay Proceedings and Compel Arbitration (Doc. #27) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff **ARBITRATE** his claims against SunTrust Bank and SunTrust Banks, Inc. In accordance with the arbitration agreement, and all proceedings are **STAYED** until arbitration has been completed.

**IT IS FURTHER ORDERED** that the above captioned matter is **CLOSED** for administrative purposes.

New Orleans, Louisiana, this __18th__ day of May, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**